**IN THE UNITED STATES DISTRICT COURT,**
**NORTHERN DISTRICT OF FLORIDA**
**(Gainesville Division)**

MARY ROGERS                                          CASE NO.: 1:09-CV-58-SPM/AK

  Plaintiff,

vs.

JOHNNY SMITH, in his official capacity
as Sheriff of Levy County, Florida,
and WILLIE LEE POWELL, individually and in his
official capacity as a Correctional Officer in Levy
County, Florida,

  Defendants.

_____/


**FIRST AMENDED**
**<u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>**


  Plaintiff, Mary Rogers, sues Johnny Smith, individually and in his capacity as Sheriff of

Levy County Sheriff's Office, and Willie Lee Powell, individually and in his

official capacity as a Correctional Officer at the Levy County Sheriff's Office (herein jointly as

"Defendants") and alleges:


**<u>JURISDICTION AND VENUE</u>**

  1.  This Court has jurisdiction of this action under 42 U.S.C. §1983 and its pendent

jurisdiction for state law claims.

  2.  This is an action for damages in excess of Seventy-Five Thousand Dollars

($75,000.00) exclusive of interest, costs, and attorney's fees.

3.     Each and every cause of action described below arose in the Northern District of Florida and venue is proper within the Northern District of Florida.

## CAUSE OF ACTION

4.     This is a civil action for money damages based upon violations by Defendants, while acting under the color of state law, of certain rights guaranteed under the United States Constitution by wrongfully and without just cause inflicting serious bodily injury upon Mary Rogers.

5.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 for violation of the I, IV, V, and XIV Amendments of the United States Constitution, §768.28, Florida Statutes, violation of the State of Florida Constitution, and pursuant to the common law of the State of Florida.

## PARTIES

6.     At all times relevant to this Complaint, Plaintiff Mary Rogers was a citizen of the United States, and a resident of Levy County, Florida.

7.     Willie Lee Powell was at all times material hereto a duly appointed and acting correctional officer who was employed full-time by the Levy County Sheriff's Office.  He is sued individually and in his official capacities.  He was at all times material a resident of Levy County, Florida.

8.     Defendant, Levy County Sheriff's Office, was at all times material hereto a duly incorporated sovereign organized and existing under the laws of the State of Florida.

9.     At all times material hereto, Willie Lee Powell was acting under the color of law; to-wit, the statutes, ordinances, regulations, policies, customs, and usages of the State of Florida

-2-

and/or the Defendant, Levy County Sheriff's Office, and within the course and scope of his employment as a correctional officer.

10.     Plaintiff has employed the undersigned attorneys to prosecute this action and has agreed to pay attorneys a reasonable fee for such services.  Plaintiff is entitled to recover reasonable attorneys' fees for the successful prosecution of this action, pursuant to 42 U.S.C. §1988.

## GENERAL ALLEGATIONS

11.     Between January 15, 2005 and July 21, 2005, Mary Rogers was an inmate at the Levy County Sheriff's Detention Facility.  While Plaintiff was incarcerated, Willie Lee Powell forced Plaintiff to perform sexual acts against her will while he was a guard in a position of authority over Mary Rogers.

12.     All conditions precedent to the bringing of this action have been performed or have occurred, including notice to a sovereign entity, pursuant to Florida Statute 768.28.

## COUNT I

## VIOLATION OF FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS
### (AGAINST WILLIE LEE POWELL)

13.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 12, as if fully set forth herein.

14.     Willie Lee Powell was at all times well aware that Plaintiff was an individual vulnerable to unlawful battery by persons in authority.

15.     Nevertheless, Willie Lee Powell did force Plaintiff to commit a sexual performance and perform sexual acts against her will.

16.     As a direct and legal result of the forced sexual activities by Willie Lee Powell, Plaintiff was damaged.

17.     Willie Lee Powell's conduct was intentional, malicious, reckless, and done without any regard for the health, safety, and welfare of Plaintiff.

18.     Willie Lee Powell's conduct was unreasonable, unjustified, unnecessary, and excessive to effect any lawful purpose that constituted (1) an unreasonable seizure of Mary Rogers under the Fourth and Fourteenth Amendments to the United States Constitution, (2) a deprivation of life and liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, and (3) a violation of Plaintiff's right to freely associate with others under the First and Fourteenth Amendments to the United States Constitution.

19.     As a further result of Willie Lee Powell's actions, Plaintiff has suffered serious injuries, has been forced to endure great mental pain and suffering, has lost the capacity for the enjoyment of life, has sustained and will continue to sustain medical expenses, and has lost earning capacity.  All of Plaintiff's injuries are permanent or continuing in nature.

WHEREFORE, Plaintiff respectfully requests judgment for compensatory damages, punitive damages, attorney's fees and costs, a trial by jury, and for such other and further relief as the Court deems proper.


**COUNT II**

**VIOLATION OF FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS**
**(AGAINST LEVY COUNTY SHERIFF'S OFFICE)**

20.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 12, as if fully set forth herein.

21.     The Defendant, Levy County Sheriff's Office, is a real party in interest in this action by virtue of §§111.065-.071 Florida Statutes, pursuant to which the Levy County Sheriff's Office is obliged to defend and indemnify the liability asserted against Willie Lee Powell.

22.     Furthermore, the Defendant, Levy County Sheriff's Office, was at all times aware that interactions between correctional officers and inmates under their care, control, and supervision, carried the potential for injury, loss of life, and other similar disastrous outcomes. This is true for individuals like Willie Lee Powell who should never have been hired or retained by the Levy County Sheriff's Office and put in any position of authority.

23.     In fact, the Defendant, Levy County Sheriff's Office, was aware that Willie Lee Powell was unfit to be employed as a correctional officer.

24.     The Levy County Sheriff's Office had a duty to instruct, train, and discipline and/or terminate its correctional officers.

25.     Instead of instructing, training, and disciplining and/or terminating its correctional officers, the Defendant, Levy County Sheriff's Office, implemented and maintained customs, policies, and practices that constitute deliberate indifference to Plaintiff's civil rights and violation of 42 U.S.C. §1983.

26.     Specifically, the Defendant, Levy County Sheriff's Office:

        A.     Failed to train its correctional officers;

        B.     Retained correctional officers who were unfit to be placed in a position of authority;

        C.     Failed to discipline its officers;

        D.     Hired correctional officers unfit to be placed in a position of authority; and

        E.     Failed to supervise its correctional officers.

-5-

27.     As a direct and legal result of the Defendant, Levy County Sheriff's Office, maintenance of customs, policies, and practices that constituted deliberate indifference of its correctional officers to Plaintiff's civil rights, Plaintiff suffered severe and disabling injuries, has been forced to endure great mental pain and suffering, has lost the capacity for the enjoyment of life, has sustained and will continue to sustain medical expenses, and has lost earning capacity. All of Plaintiff's injuries are permanent or continuing in nature.

WHEREFORE, Plaintiff respectfully requests judgment for compensatory damages, attorney's fees and costs, a trial by jury, and for such other and further relief as the Court deems proper.

## COUNT III

## CLAIM OF MARY ROGERS FOR COMMON LAW NEGLIGENCE
### (AGAINST DEFENDANT LEVY COUNTY SHERIFF'S OFFICE)

28.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 12, as if fully set forth herein.

29.     At all times material to this claim, Levy County Sheriff's Office was under a duty not to imperil Plaintiff's physical and emotional health and to refrain from utilizing excessive or inappropriate force, and by hiring and retaining only those correctional officers that could be safely placed in a position of authority.

30.     The Defendant, Levy County Sheriff's Office, through its own acts or omissions and the acts or omissions of Willie Lee Powell, was negligent by:

A.     The Levy County Sheriff's Offices failure to train Willie Lee Powell;

B.     The Levy County Sheriff's Offices failure to properly monitor and supervise Willie Lee Powell;

C.     The Levy County Sheriff's Offices failure to hire and retain only those correctional officers who could be safely placed in a position of authority;

      D.      Failing to discharge Willie Lee Powell when it was apparent that he could not maintain a position of authority or trust.

31.     The Defendant, Levy County Sheriff's Office, is responsible for the acts and omissions of Willie Lee Powell under the Doctrine of Respondeat Superior.

32.     As a direct and legal result of the negligence on the part of the Defendant, Levy County Sheriff's Office, as herein stated, Plaintiff has suffered serious and permanent injuries, has been forced to endure great mental pain and suffering, has lost capacity for the enjoyment of life, has sustained and will continue to sustain medical expenses, and has lost earning capacity. All of Plaintiff's injuries are permanent or continuing in nature.

WHEREFORE, Plaintiff respectfully requests judgment for compensatory damages, attorney's fees and costs, a trial by jury, and for such other and further relief as the Court deems proper.

### COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANT WILLIE LEE POWELL)

33.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 12, as if fully set forth herein.

34.     At all times material to this claim, Willie Lee Powell was under a duty, as a person with authority over inmates, to refrain from forcing Plaintiff into a sexual performance and sexual activity against her will.

35.     At all times material to this claim, Willie Lee Powell's action(s) were done in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights and safety of Plaintiff.  In this regard, Willie Lee Powell acted recklessly and intentionally in forcing Plaintiff into a sexual performance.

36.     As a direct result of the conduct of the individual Defendants, Plaintiff suffered serious and permanent injuries, has been forced into great pain and suffering, has lost capacity for the enjoyment of life, has sustained and will continue to sustain medical expenses, and has lost earning capacity.  All of Plaintiff's injuries are permanent or continuing in nature.

37.     Prior to the initiation of this action, Plaintiff gave notice of these claims to the Florida Department of Insurance and other related entities, and further performed all conditions precedent to this action, including compliance with §728.28 Florida Statutes.

WHEREFORE, Plaintiff respectfully requests judgment for compensatory damages, punitive damages, attorney's fees and costs, a trial by jury, and for such other and further relief as the Court deems proper.  Respectfully submitted this 7th day of August, 2009.

_/s/ Robert A. Rush_
Robert A. Rush
Florida Bar No.: 0559512
Rush & Glassman
11 S.E. Second Avenue
Gainesville, FL 32601
(352) 373-7566
Attorney for Plaintiff